**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Melissa Jones, Appellant,

v.

Murray Keith Jones, Respondent.

Appellate Case No. 2017-001587

———————

Appeal From Marlboro County
Michael S. Holt, Family Court Judge

———————

Unpublished Opinion No. 2020-UP-134
Heard September 11, 2019 – Filed May 6, 2020

———————

**AFFIRMED**

———————

Cheryl Turner Hopkins, of Law Office of Cheryl Turner Hopkins, of Florence, and Amy Kristan Raffaldt, of Myrtle Beach, both for Appellant.

Janet Dawn Altman Paschal, of Curry & Paschal Law Firm, P.A., of Dillon, and Everett Joseph Mercer, of Sumter, both for Respondent.

———————

**PER CURIAM:**  This appeal arises from the divorce of Melissa Jones (Wife) and Murray Keith Jones (Husband).  Wife appeals the family court's final order, arguing the family court erred in: (1) awarding custody of the parties' daughter

(Daughter) to Husband and, in so doing, making factual determinations that lacked evidentiary support; (2) failing to admit Husband's medical records; (3) setting the visitation schedule; (4) failing to address the dependent tax exemption; (5) calculating her child support obligation; and (6) failing to award her custody or visitation of Husband's son from another relationship.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We find awarding custody to Husband is in Daughter's best interest because the record shows: (1) Husband took steps to improve his life; (2) Wife exercised questionable judgment; (3) Wife continuously discouraged the parent-child relationship between Husband and Daughter; and (4) in Husband's custody, Daughter would live with her half-brother, who is close in age, and she would be able spend more time with her grandparents, who live close by.  *See McComb v. Conard*, 394 S.C. 416, 422, 715 S.E.2d 662, 665 (Ct. App. 2011) ("In a child custody case, the welfare of the child and what is in the child's best interest is the primary, paramount, and controlling consideration of the court."); *Simcox-Adams v. Adams*, 408 S.C. 252, 260, 758 S.E.2d 206, 210 (Ct. App. 2014) (stating that in determining the best interest of the child, the family court should "consider several factors, including: who has been the primary caretaker; the conduct, attributes, and fitness of the parents; the opinions of third parties, including the guardian ad litem, expert witnesses, and the children; and the age, health, and gender of the children"); S.C. Code Ann. § 63-15-240(B) (Supp. 2019) (listing seventeen factors the family court may consider in determining the best interest of the child); § 63-15-240(B)(6) (providing the family court may consider "the actions of each parent to encourage the continuing parent-child relationship between the child and the other parent, as is appropriate, including compliance with court orders" in determining a custody arrangement that is in the best interest of the child); § 63-15-240(B)(5) (stating that in determining the best interest of the child in deciding custody, the family court may consider "the past and current interaction and relationship of the child with each parent, the child's siblings, and any other person, including a grandparent, who may significantly affect the best interest of the child").  Wife challenged many of the family court's factual findings, which largely concerned matters of credibility, for which we give considerable deference to the family court.  We find the record supports the family court's finding that Wife was not credible.  *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court judge in making credibility determinations." (footnote omitted)); *id.* at 390, 709 S.E.2d at 654 ("The highly fact-intensive nature of family court matters lends itself to a respect for the factual

findings of our able and experienced family court judges who are in a superior position to assess the demeanor and credibility of witnesses.").

2.  The family court did not err in refusing to admit Husband's medical records from eight to eleven years prior to trial due to the remoteness of the information in the records and their questionable relevance.  *See High v. High*, 389 S.C. 226, 239, 697 S.E.2d 690, 696 (Ct. App. 2010) ("A family court's ruling on the admission or exclusion of evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law.  Evidence is relevant if it tends to establish or make more or less probable some matter in issue upon which it directly or indirectly bears; however, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." (citation omitted)); Rule 7(c), SCRFC ("The following documents and written statements shall be admissible in evidence without requiring that the persons or institution issuing the documents or statements be present in court: . . . (c) The written statement by a physician showing that a patient was treated at certain times and the type of ailment . . . .").  Additionally, the family court properly excluded a letter from the Georgia Department of Family and Child Services because the letter, which lacked details of the investigation, did not rise to the level of a "written report" of an agency.  *See* Rule 7(d), SCRFC ("The following documents and written statements shall be admissible in evidence without requiring that the persons or institution issuing the documents or statements be present in court . . . *a written report* of the Department of Social Services or other agency, reporting the home investigation or any other report required by the court. . . ." (emphasis added)).  In any event, Wife questioned Husband extensively about his anxiety, medications, past drinking, and alleged anger issues; thus, Wife was not prejudiced by the family court's exclusion of these records.

3.  We find the family court's visitation schedule was in Daughter's best interest because it allowed for ample visitation with Wife while also providing stability for Daughter with Husband having primary custody.  *See Smith v. Smith*, 386 S.C. 251, 272, 687 S.E.2d 720, 731 (Ct. App. 2009) ("The welfare and best interests of the child are the primary considerations in determining visitation.").

4.  The issue of the dependent tax exemption is not preserved for our review because Wife did not raise this issue at trial or in her Rule 59(e), SCRCP, motion. *See Srivastava v. Srivastava*, 411 S.C. 481, 487, 769 S.E.2d 442, 446 (Ct. App. 2015) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family]

court." (alteration in original) (quoting *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006))).

5. Wife's argument that the family court erred in calculating her child support because Husband was voluntarily underemployed is unpreserved for our review because she failed to raise it to the family court. *See Srivastava*, 411 S.C. at 487, 769 S.E.2d at 446 ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court." (alteration in original) (quoting *Doe*, 370 S.C. at 212, 634 S.E.2d at 54)); *id.* at 488, 769 S.E.2d at 446 (holding wife failed to preserve issues of income imputation and deviation from the Child Support Guidelines because she failed to file a Rule 59(e) motion for the family court to consider them); *Marchant v. Marchant*, 390 S.C. 1, 7, 699 S.E.2d 708, 711 (Ct. App. 2010) (holding wife failed to preserve issue of husband's voluntarily underemployment because although she "alluded to the fact Husband was capable of earning more, she did not request a finding that Husband was voluntarily underemployed").

6. The issues of custody and visitation of Husband's son from another relationship are not preserved for our review because Wife agreed to the dismissal of these claims and conceded they are not preserved. *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal.").

**AFFIRMED.**

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**